LEFEBER   *v.*   RAILROAD.

(*Nashville.*     January   21,   1893.)

1. COSTS.   *Successful party's liability.   Appeal.*

   An appellant in a law cause who has obtained reversal and judgment for costs of appeal against the appellee is liable, upon motion of the interested parties, for all costs of the appeal that cannot be collected out of the appellee; and return of execution *nulla bona* that has been issued upon the judgment against the appellee is sufficient evidence that the costs cannot be collected from him.

   Code construed: §3928 (M. & V.); §3204 (T. & S.).

2. SAME.   *Motion may be made though cause is still pending.*

   And appellant is liable, upon motion in this Court, for costs of such appeal after return of execution against the appellee *nulla bona*, although the cause is still pending undetermined in the lower Court.

   Case cited and distinguished: Stuart *v.* McCuistion, 1 Heis., 428.

FROM   FRANKLIN.

Appeal  from  the  Circuit  Court  of  Franklin County.   M.  D.  SMALLMAN,  J.

GEORGE  E.  BANKS  for  Lefeber.

EAST  &  FOGG  and  J.  D.  B.  DeBow  for  Railway Company.

LURTON, C. J.  James McDaniel recovered a judgment in the Circuit Court of Franklin County against the Nashville, Chattanooga and St. Louis Railroad Company.  Upon the appeal of the defendant company, the judgment was reversed, the costs of the appeal taxed to McDaniel, and the cause remanded for new trial.  Execution for the costs so adjudged issued from this Court, and has been returned *nulla bona.*

The plaintiff, who is Clerk of the Franklin Circuit Court, has given notice and moved for judgment over against the railroad company for part of the costs so adjudged against McDaniel, upon the ground that such costs accrued at the instance of the defendant company.

Section 3928 of the Code (M. & V.) provides that "all costs accrued at the instance of the successful party, which cannot be collected out of the other party, may be recovered, on motion, by the person entitled to them, against the successful party."  The costs now sought to be collected are the costs of transcript, appeal bond, certificate, and seal.  This transcript was made out upon the appeal of the railroad company, and at its instance, and is clearly "costs accrued at the instance of the successful party" within the meaning of the Code. The return of an execution is sufficient evidence that the costs could not "be collected out of the other party."

The objection that the motion is premature, the suit still pending, is not well taken.  The judg-

Lefeber *v.* Railroad.

ment as to costs of appeal is final. The case may never be again before this Court, and we cannot know that it has not been already terminated. The case of *Stuart* v. *McCuistion*, 1 Heis., 428, is not in point.

Motion allowed. Costs of motion will be paid by defendant.